**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Ross Schmierer, Esq. (*pro hac vice* application forthcoming)
ross@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JOHN KRISTENSEN, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**v.**

**SUNRISE CREDIT SERVICES, INC.,**

**Defendant.**

**Case No.:**

**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

**1) CALIFORNIA PENAL CODE § 632.7**

**JURY TRIAL DEMANDED**

Plaintiff John Kristensen ("Plaintiff") brings this Complaint by and through his attorneys and on behalf of all others similarly situated, against defendant Sunrise Credit Services, Inc. ("Defendant") and alleges upon information and belief as follows:

## INTRODUCTION

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, its related entities, subsidiaries and agents in knowingly, and/or

willfully employing and/or causing to be employed certain recording equipment in order to record telephone conversation/s with Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 et seq., thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally.

3. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

4. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA").

6. Specifically, CAFA extends federal jurisdiction over this class action because: (1) minimal diversity exists, i.e. Plaintiff is a citizen of a state different from any Defendant; (2) there are at least 100 members in the proposed plaintiff class; (3) the amount in controversy exceeds $5 million; and (4) no exception to jurisdiction applies. *See* 28 U.S.C. § 1332(d).

7. Personal jurisdiction is established because Defendant conducts business in the State of California. At all times relevant herein, Defendant conducted business in the State of California, and within this judicial district.

8. Personal jurisdiction and venue are proper in the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) the conduct complained of herein occurred from this judicial district; and (2) Defendant conducted business within this judicial district at all times relevant

## PARTIES

9. Plaintiff is, and at all times mentioned herein a natural person, individual citizen and resident of County of Los Angeles, California, in this judicial district.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a foreign corporation with its principal place of business located in Melville, New York. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

11. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendant. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendant.

## PLAINTIFF'S FACTUAL ALLEGATIONS

12. Since 1974, Defendant has operated as a collection agency out of New York.[1]

13. Defendant has a 45,000-square-foot facility that houses hundreds of collection agents and other employees seeking to collect on accounts allegedly due

---

[1] https://www.solosuit.com/posts/beat-sunrise-credit-services#:~:text=Website:-,Who%20does%20Sunrise%20Credit%20Services%20collect%20for?,these%20Sunrise%20Credit%20Services%20reviews:

to, inter alia, cable companies, energy companies and financial services' entities.[2]

14. At all times relevant to this Complaint, Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

15. Defendant's employees and agents are directed, trained and instructed to, and do, record the telephone conversations with the public, including California residents.

16. In the beginning of November 2024, Defendant's agent, Mr. Jason Thomas ("Thomas") called Plaintiff's cellular phone ending in -9711 ("Cell") from a telephone number bearing Los Angeles area code 323 and ending in -1530.

17. Although Plaintiff did not, and does not, owe any monies to Spectrum, Thomas claimed he was seeking to collect a debt allegedly due from Plaintiff's old Spectrum account.

18. During the first few minutes of the call, Thomas failed to provide Plaintiff with any warning that the call was being recorded.

19. Thereafter, Plaintiff asked Thomas if the call was being recorded.

20. Thomas responded "correct."

21. As such, Defendant made a recording of the call, failing to disclose to Plaintiff that the call was being recorded.

22. At no time did Plaintiff ever provide actual or constructive consent to Defendant to record the telephone call.

23. At no point did Plaintiff have a reasonable expectation that any of the calls with Defendant, that were initiated by Plaintiff to Defendant, were being recorded especially because such private and sensitive subjects, including but not limited to Plaintiff's alleged debt, were discussed.

24. To make matters worse, Thomas called Plaintiff again on his Cell in November 2024 from the same telephone number bearing Los Angeles area code 323 and ending in -1530.

---

[2] *Id.*

25. And once again, Thomas provided no warning that the call was being recorded.

26. Frustrated that Thomas was calling about the non-existent debt, Plaintiff told Thomas that he would dispute the claim in court

27. In response, Thomas threatened Plaintiff's business credit.

28. Once again, Defendant made a recording of the call, failing to disclose to Plaintiff that the call was being recorded.

29. At no time did Plaintiff ever provide actual or constructive consent to Defendant to record the telephone call.

30. At no point did Plaintiff have a reasonable expectation that any of the calls with Defendant, that were initiated by Plaintiff to Defendant, were being recorded especially because such private and sensitive subjects, including but not limited to Plaintiff's alleged debt, were discussed.

31. Incredibly, on November 20, 2024, Thomas called Plaintiff's Cell yet again from the same phone number bearing a Los Angeles area code seeking to collect on this alleged debt.

32. And once again, Thomas provided no warning that the call was being recorded.

33. Once again, Defendant made a recording of the call, failing to disclose to Plaintiff that the call was being recorded.

34. At no time did Plaintiff ever provide actual or constructive consent to Defendant to record the telephone call.

35. At no point did Plaintiff have a reasonable expectation that any of the calls with Defendant, that were initiated by Plaintiff to Defendant, were being recorded especially because such private and sensitive subjects, including but not limited to Plaintiff's alleged debt, were discussed.

36. On February 28, 2025, Plaintiff received yet another phone call to his Cell from Defendant.

37. This time, Defendant called Plaintiff's Cell from a phone number bearing Los Angeles area code 323 and ending in -1595.

38. When Plaintiff asked Defendant's agent whether the call was being recorded, Defendant's agent hung up the phone.

39. Based on the foregoing, it is Defendant's pattern and practice to record incoming calls made to by California residents. The calls involve customer service complaints and other sensitive consumer matters. Defendant does not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded. Plaintiff was unaware that the phone calls between himself and Defendant in California were recorded. There was no pre-call recorded message. The Defendant's representatives never informed Plaintiff that the call was being recorded.

40. Plaintiff did not learn that Defendant recorded the phone call between Plaintiff and Defendants until the end of the conversation, when Plaintiff specifically inquired whether the call was being recorded. Defendant's representative then confirmed that the call had, in fact, been recorded.

**ACCRUAL OF RIGHTS TO PRIVACY CLAMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT**

41. Plaintiff did not discover, and could not, discover through the exercise of reasonable diligence, the fact that Defendant was recording the phone calls between Plaintiff and members of the California Class and Defendant without their knowledge or consent.

42. Defendant concealed from Plaintiff and members of the California Class that it was recording the telephone calls between itself on the one hand and Plaintiff or other members of the California Class on the other hand.

43. Defendant concealed the fact that it was recording the aforementioned phone calls to create the false impression in the minds of Plaintiff and members of the

California Class that they were not being recorded. At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded. Such warnings are ubiquitous today.

44. Plaintiff was justified in not bringing the claim earlier based on Defendant's failure to inform Plaintiff and other members of The Class that the phone calls were being recorded.

45. Plaintiff was justified in not bringing the claim earlier based on Defendant's failure to inform Plaintiff and other members of The Class that the phone calls were being recorded

## CLASS ALLEGATIONS

46. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated. Plaintiff is a member of and seeks to represent a California Class, pursuant to California Code of Civil Procedure § 382, defined as:

> All persons in California whose inbound telephone conversations made with their cellular telephones were recorded without their consent by Defendant or its agent/s within the one year prior to the filing of this action.

47. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

48. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally recording inbound cellular telephone conversations without their consent within the one year prior to the filing of the Complaint in this action. Plaintiff and the Class members were damaged thereby.

49. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery

for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

50. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

51. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

a. Whether Defendant has a policy of recording incoming calls;

b. Whether Defendant have a policy of recording incoming calls initiated by a cellular telephone;

c. Whether Defendant discloses to callers and/or obtains their consent that their incoming telephone conversations were being recorded;

d. Whether Defendants' policy of recording incoming calls from cellular telephones constituted a violation of California Penal Code §§632.7; and 637;

e. Whether Plaintiff, and the Class were damaged thereby, and the extent of damages for such violations; and

f. Whether Defendant should be enjoined from engaging in such conduct in the future.

52. As a person whose telephone communications to Defendant were recorded without notice or consent, Plaintiff is asserting claims that are typical of the Class because every other member of the Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal Code § 632.7.

53. Plaintiff is asserting claims that are typical of the Class because every other

member of the Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages of $5,000 per violation pursuant to California Penal Code § 637.2(a).

54. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

55. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

56. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

57. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

58. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

//

//

**FIRST CAUSE OF ACTION**

**INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632.7**

**(On Behalf of Plaintiff and the Class)**

59. Plaintiff realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

60. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

61. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code § 632.7

62. As before, Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

63. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

64. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

65. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

66. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

- That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
- For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;
- For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Class;
- Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff, The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;
- That the Court preliminarily and permanently enjoin Defendant from recording each and every incoming telephone conversation with California residents, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff and The Class;
- For exemplary or punitive damages;
- For costs of suit;
- For prejudgment interest at the legal rate; and
- For such further relief as this Court deems necessary, just, and proper.

//

## DEMAND FOR TRIAL BY JURY

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a jury trial on all claims so triable.

Dated: July 2, 2025

Respectfully submitted,
**KAZEROUNI LAW GROUP, APC**

By: /s/ Abbas Kazerounian
Abbas Kazerounian, Esq.
*ATTORNEYS FOR PLAINTIFF*